```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CHARLIE JACKSON, DAVID
BAKER, JR., WILLIAM COLE,
DANIEL BROWN, JESUS M. CRUZ,
BLAINE E. WILLIAMS, DANIEL
THOMAS, RODRIGUEZ DURAN,
REGINALD R. GRIFFIN, IAN
WAGNER, TYRONE CAMBELL,
JAVON SMITH, STANLEY HALL
KRABILL, MADESTO GARCIA
BAUTTIA, and JAIMIE
MALDANADO,

    Plaintiffs,

v.                                    Case No: 2:18-cv-295-FtM-29CM

STATE OF FLORIDA, KATHLEEN
A. SMITH, MIKE SCOTT, RICK
SCOTT, STEPHEN B. RUSSELL,
and LINDA DOGGETT,

    Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

    This matter comes before the Court on initial review of the file. Plaintiffs, fifteen pretrial detainees in the Lee County Jail, filed a putative "class action" complaint for violation of civil rights (Doc. #1, Complaint) on April 30, 2018. Plaintiffs Jackson, Duran, and Bauttia seek leave to proceed *in forma pauperis* on the Complaint. See Docs. # 7, 16, and 18. At the outset, the Court notes that the Complaint was not signed by any of the fifteen plaintiffs listed on the complaint. See Doc. #1. Thus, the pleading fails to comply with Fed. R. Civ. P. 11 and M.D. Fla. R.

1.05(d). The Rule requires the Court to "strike un unsigned paper unless the omission is promptly corrected" after the party is advised of the omission. Fed. R. Civ. P. 11(a). Here the warning would be futile because Eleventh Circuit law prohibits prisoner plaintiffs from proceeding *in forma pauperis* in the same civil action. Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001)(affirming dismissal of multi-plaintiff prisoner action as conflicting with PLRA's requirement that each prisoner must pay the filing fee); Bowens v. Turner Guilford Knight Detention, 510 F. App'x 863, 864 (11th Cir. 2013)(affirming dismissal of complaint filed by six inmates as violative of the PLRA and § 1915's requirement that each plaintiff is required to pay the filing fee in an initial action). Additionally, while a *pro se* litigant has a right to litigate his individual claims in federal court, "[i]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Wallace v. Smith, 145 F. App'x 300, 302 (11th Cir. 2005) (*per curiam*). Consequently, *pro se* prisoner Plaintiff's cannot jointly prosecute this action or proceed on their putative class action complaint.

Consequently, the Court will dismiss the Complaint without prejudice.[1] To the extent each individual plaintiff wishes to

---

[1] The Court previously dismissed a similar putative class action complaint. See Case Number 2:18-cv-259-FtM-29MRM, Order

prosecute a claim, they shall file a separate complaint in their own action.  If, upon review of the individual complaints, the Court concludes that the interests of judicial economy require the joinder of any claim(s), it may so order at that time.  Rule 20 of the Federal Rules of Civil Procedure allows joinder by plaintiffs when certain requirements are satisfied.  Specifically, the rule states that persons may join in one action as plaintiffs if:

>   (A)  they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
>   (B)  any question of law or fact common to all plaintiffs will arise in the action.

Id.  Joinder of parties is encouraged in the interest of judicial economy, subject to two prerequisites: (1) the persons who are joined as defendants must be interested in claims arising out of the same transaction or occurrence, or series of transactions or occurrences; and, (2) all the parties joined must share at least one question of law or fact.  Alexander v. Fulton County, 207 F.3d 1303, 1323 (11th Cir. 2000), overruled on other grounds, Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003).

---

dated June 5, 2018.  From a cursory review of the complaints, it appears that several of the plaintiffs named on the instant complaint were plaintiffs on the other complaint as well, and have already initiated their own separate action.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Complaint (Doc. #1) is dismissed **without prejudice.**

2. The **Clerk of Court** shall enter judgment and terminate any pending motions and close this action.

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of July 2018.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:
Counsel of Record